IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PATRICK L. SHERMAN                                                                        PLAINTIFF

vs.                                              Case No. 13-6049

HOT SPRING COUNTY, ARKANSAS;
OFFICER DONALD MORELAND;
DETECTIVE DAN USSERY; CHIEF
OF POLICE DONNIE D. TABER;
SERGEANT BRIAN ORRELL; and
SHERIFF HOLLINGSWORTH                                                                  DEFENDANTS

## **ORDER**

Before the Court is the Report and Recommendation filed on February 27, 2015 by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 63). Plaintiff claims that he was unlawfully arrested on September 17, 2012 and subjected to unconstitutional conditions of confinement in the Hot Spring County Detention Center. The Plaintiff and all Defendants have filed motions for Summary Judgment. Judge Marschewski recommends that Plaintiff's Motion for Summary Judgment be denied; the Motion for Summary Judgment filed by Sheriff Hollingsworth and Sergeant Orrell be granted in part and denied in part; and the Motion for Summary Judgment filed by Chief Donnie Taber, Officer Donald Moreland, Officer Dan Ussery, and the City of Malvern be granted. Plaintiff has objected to the Report and Recommendation. (ECF No. 63). The Court finds this matter ripe for its consideration.

Plaintiff's objections to Judge Marschewski's Report and Recommendation are as follows: (1) he has stated a claim for municipal liability because Sergeant Orrell has final decision-making authority; (2) Plaintiff's convictions do not bar his § 1983 claims for his arrest without probable cause; (3) he stated a municipal policy claim against Hot Spring County because an arrest warrant

was issued with only the Prosecutor's filed information; (4) he has stated a claim for destruction of his § 1983 form; (5) he is prejudiced by not having an attorney; (6) he has stated a claim for conspiracy; and (7) he has stated a claim for retaliation.

First, Plaintiff asserts he has stated a claim for municipal liability because he has shown that Sergeant Orrell has final decision-making authority over all matters relating to the Hot Spring County Detention Center. He cites to *Pembaur v. City of Cincinnati*, 475 U.S. 469, 485 (1986) for the proposition that an act by one who acts as final decision maker for the county establishes municipal liability. However, the fact that a county vests a person with final decision-making authority does not alone establish the existence of an unconstitutional policy. Instead, Plaintiff must point to a "deliberate choice of a guiding principle or procedure" of that official. *Mettler v. Whiteledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). Plaintiff has failed to establish this deliberate choice to demonstrate an unconstitutional custom. His objection on this point is overruled.

Second, Plaintiff asserts that Judge Marschewski's recommendation, that Plaintiff's conviction bars his § 1983 Complaint for his arrest without probable cause, is error. However, the Eighth Circuit is clear that "'where law enforcement officers have made an arrest, the resulting conviction is a defense to a § 1983 action asserting that the arrest was made without probable cause.'" *Malady v. Cruck*, 902 F.2d 10, 11-12 (8th Cir. 1990) (quoting *Cameron v. Fogarty*, 806 F.2d 380 (2d Cir. 1986)). Because Plaintiff was convicted, his § 1983 claim is barred, and his objection is overruled.

Third, Plaintiff alleges that the Supreme Court has held that the Prosecutor's information alone does not meet the requirements of the Fourth Amendment and it is therefore unconstitutional for an arrest warrant to be issued on the information alone. He alleges that this demonstrates a

sufficient municipal liability claim against Hot Spring County for a "custom or practice" of violating the Fourth Amendment. To show this, Plaintiff must be able to demonstrate the existence of a widespread, continuing, consistent pattern of unconstitutional misconduct. *See Johnson v. Douglas Cnty. Medical Dept.*, 725 F.3d 825 (8th Cir. 2013); *see also Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). Plaintiff has failed to meet this high burden. He has not demonstrated a material, disputed issue of fact necessitating a jury determination on his claim.

Fourth, Plaintiff claims he has stated a claim for the destruction of his § 1983 form.[1] The Court finds that Plaintiff has not stated a specific error in the Report and Recommendation for the Court to review. Judge Marschewski recommends a finding that he suffered no actual injury because he had a copy of his Complaint and could file it at any time, and this Court agrees.

Next, Plaintiff reiterates his arguments that he is prejudiced by the fact that he is not an attorney nor can he afford one. He asserts that, were he an attorney, he could investigate certain records which he cannot in his capacity as a prisoner who is not an attorney. However, Plaintiff was represented by counsel in his criminal case. He missed no deadlines imposed by the Court and no case was dismissed because he failed to file documents with the Court. Plaintiff may not use § 1983 as a substitute for habeas relief, and he is not constitutionally entitled to an attorney to represent him on his § 1983 claim.[2]

Plaintiff next asserts that he stated a claim for conspiracy. In his Complaint, Plaintiff asks the Court to find that the "illegal arrests employed by Officer Moreland, covered up by Investigator

---

[1] In his Complaint, Plaintiff does not allege anyone threw away a § 1983 form, but rather his § 1983 Complaint to be filed with the District Court Clerk. (ECF No. 6, ¶ 2, 61-63). The Court will assume that these two items are the same.

[2] To the extent Plaintiff is claiming that he was unable to discover certain documents because he is not an attorney, the Court is unclear as to his argument. There is no indication that he was denied the ability to propound discovery in either case.

Dan Ussery, and adopted by Chief of Police Donnie Taber, the Malvern Police Department, the City of Malvern, and Hot Spring County is Unconstitutional, in violation of the 4th Amendment to the U.S. Constitution." (ECF No. 6, at 15). He points the Court to no error in Judge Marschewski's Report and Recommendation with regard to this claim, nor does he present any facts supporting his claims. His mere allegations of conspiracy, without more, are insufficient to survive summary judgment.

Finally, Plaintiff asserts that he stated a claim for retaliation. In his Complaint, he alleged that he filed a grievance about inadquate amounts of food, and that thereafter, the same 309[3] "did all of all of [sic] cooking, fixing the trays, and passing them out to detainees." The 309 would also allegedly give extra food to some inmates or put foreign objects in some food. Plaintiff filed a grievance against the 309 for retaliation. The Court would like to first note that the 309 is not listed as a Defendant in this action. All objections as they relate to him, therefore, are overruled.

In his objections, he asserts that "retaliation for the use of the grievance procedure by allowing a 309 to do all manner of things to his food is certainly unconstitutional, as it is retaliation." (ECF No. 64, at 5). The Eighth Circuit held in *Sprouse v. Babcock*, 870 F.2d 450 (8th Cir. 1989), that otherwise proper acts are actionable under § 1983 if done in retaliation for filing a grievance pursuant to established prison procedures. Therefore, even though Plaintiff does not have a constitutional right to be free from foreign objects in his food, *see Wishon v. Gammon*, 978 F.3d 446, 449 (8th Cir. 1992), he does have a constitutional right to be free from retaliation by an official for protected activity. However, Plaintiff has not demonstrated that Sergeant Orrell was involved in altering Plaintiff's meals. The specific facts alleged all relate to a 309, who is not subject to liability

---

[3] A "309" is a work release prisoner given special duties in the prison, such as preparing meals.

under § 1983.

Accordingly, the Court adopts the Report and Recommendation *in toto*. Plaintiff's Motion for Summary Judgment (ECF No. 33) is hereby denied. The Motion for Summary Judgment filed by Sheriff Hollingsworth and Sergeant Orrell (ECF No. 45) is **GRANTED IN PART** and **DENIED IN PART**. The Motion is granted with respect to all claims except the denial of medical care claim against Sergeant Brian Orrell. Because the claim remaining against Sergeant Brian Orrell in his official capacity is the only claim remaining against Hot Spring County, it is unnecessary that Hot Spring County remain as a separate defendant and it is dismissed. Sheriff Hollingsworth is also terminated as a Defendant. Finally, the Motion for Summary Judgment (ECF No. 48) filed by Chief Donnie Taber, Officer Donald Moreland, Officer Dan Ussery, and the City of Malvern is hereby **GRANTED**. These parties are also terminated as Defendants.

**IT IS SO ORDERED**, this 17th day of March, 2015.

                                                /s/ Susan O. Hickey
                                                Susan O. Hickey
                                                United States District Judge