IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


PATRICK L. SHERMAN                                                                                           PLAINTIFF

     v.                                      Civil No. 6:13-cv-06049

SERGEANT BRIAN ORRELL                                                                                  DEFENDANT


**MEMORANDUM OPINION**

     This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.

     Plaintiff's claims stem from his incarceration in the Hot Spring County Detention Center in January and February of 2013.  Plaintiff is currently incarcerated in the Arkansas Department of Correction (ADC), Varner Supermax Unit.

     The sole claim that survived summary judgment was the issue of whether Former Sergeant Brian Orrell was deliberately indifferent to the Plaintiff's serious medical needs.  ECF Nos. 63 & 65.  Subsequently, default was entered against Sergeant Orrell in his individual capacity.  ECF No. 73.  The only issue to be tried is the amount of damages the Plaintiff is entitled to on his denial of medical care claim.

     On September 30, 2015, a bench trial was held to allow Plaintiff to present evidence on the issue of damages.  At the conclusion of the trial, the matter was taken under advisement pending preparation of this opinion.  Plaintiff orally requested an award of costs and was directed to file a written motion.  Plaintiff has filed two motions for costs (ECF Nos. 91 & 92).

**1. Background**

On January 16, 2013, Plaintiff made what was interpreted as an aggressive move toward a guard. In response, Plaintiff testified he was pushed hard toward a wall by a guard. In an effort to protect himself from striking the wall, Plaintiff put his right hand out. The only part of his hand that touched the wall was his right middle finger. Plaintiff testified the finger bent "all the way backwards" and instantly became swollen.

Plaintiff was not provided medical treatment for the injury to his finger. On January 17, 2013 Plaintiff filed a grievance stating that his right middle finger was broken. Plaintiff's Exhibit No. 1 (hereinafter Plff's Ex.). A deputy responded that he had spoken with the Plaintiff that morning and was informed the finger Plaintiff thought was broken was fine. *Id.* Plaintiff submitted three additional grievances on January 18th and the 21st. Plff's Exs. 2-4. In response to the last two grievances, Plaintiff was told by Defendant Orrell not to swing on officers.

Plaintiff testified that he started wrapping the finger with a piece of cloth ripped from his pant leg. He did this because his finger was swollen. His finger would not close initially but he exercised it and eventually the swelling and stiffness went down. After he started exercising his finger, it became less painful.

Upon transfer to the ADC on February 26, 2013, Plaintiff did not inform anyone there that he had injured his finger. However, he testified he was automatically put on a pain reliever because he had arthritis. Once he received the pain reliever, his finger no longer bothered him. Plaintiff testified he was seeking damages for the forty days that elapsed between his injury and his transfer to the ADC.

**2. Discussion**

**(A). Compensatory Damages**

Compensatory damages under § 1983 are governed by general tort-law compensation theory. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978). In *Carey*, the Supreme Court noted that damages are available under § 1983 for actions "found . . . to have been violative of . . . constitutional rights and to have caused compensable injury." *Id.* (internal quotation marks and citations omitted).

The law generally provides that damages may be awarded for injuries such as physical pain, mental anguish and suffering, personal humiliation, and monetary losses. *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 307 (1986)(citations omitted); *Jackson v. Crews*, 873 F.2d 1105, 1109 (8th Cir. 1989)(compensatory damages include personal humiliation and mental anguish and suffering). However, damages may not be awarded for the abstract or subjective value of the constitutional right at issue. *See Stachura*, 477 U.S. at 308; *Carey*, 435 U.S. at 248.

The Court finds Plaintiff has established that he suffered some pain and mental distress as a result of being denied adequate medical care. As Plaintiff suffered physical injury, the continued pain, swelling, and stiffness of his finger, the Prison Litigation Reform Act does not bar his recovery of emotional distress damages. 42 U.S.C. § 1997e(e). Plaintiff presented no testimony that the injury limited him in his activities of daily living. So while the injury was significant enough to cause him pain, it was not significant enough to cause Plaintiff to be unable to eat, sleep, or otherwise go about his daily activities.

The difficult question is how to place a monetary value on Plaintiff's pain and mental anguish. *Smith v. Heath*, 691 F.3d 220, 227 (6th Cir. 1982)("No formula exists to determine with precision compensatory damages"). Plaintiff did not sustain any actual monetary losses. Since he was denied medical treatment, he incurred no medical expenses.

In *Williams v. Trans World Airlines, Inc.*, 660 F.2d 1267, 1272 (8th Cir. 1981), the Eighth Circuit discussed in detail what type of showing was necessary to recover mental anguish damages. The Court stated:

> The question before us, however, is what is the proper legal standard for proof of mental distress. This court has held that damages for emotional harm are to be presumed where there is an infringement of a substantive constitutional right. *Herrera v. Valentine*, 653 F.2d 1220 at 1230 (8th Cir. 1981); *accord, Gore v. Turner*, 563 F.2d 159, 164 (5th Cir. 1978); *contra Shuman v. Standard Oil Co.*, 453 F.Supp. 1150, 1154 (N.D.Cal.1978) (actual proof of emotional harm necessary); see generally Note, Damage Awards for Constitutional Torts: A Reconsideration After Carey v. Piphus, 93 Harv.L.Rev. 966, 968, 976-77 and nn.9, 68-69 (1980). Assuming, arguendo, that actual damages must be proven for recovery for mental distress, it appears that specific proof of out-of-pocket losses or medical testimony, although relevant, is not necessary. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789 (1974) (proof of mental distress in libel action not limited to out-of-pocket loss; need not be evidence which assigns actual dollar value to the injury); *see also Carey v. Piphus*, 435 U.S. 247, 258, 267 and n.25, 98 S.Ct. 1042, 1049, 1054 and n.25, 55 L.Ed.2d 252 (1978) (application of common law tort principles to civil rights damages for mental distress). We have held that the plaintiff's own testimony may be solely sufficient to establish humiliation or mental distress. *See Smith v. Anchor Bldg. Corp.*, 536 F.2d 231, 236 (8th Cir. 1976); *accord, Gore v. Turner*, 563 F.2d 159, 164 (5th Cir. 1978); *Seaton v. Sky Realty Co.*, 491 F.2d 634, 636 (7th Cir. 1974); *Shuman v. Standard Oil Co.*, 453 F.Supp. 1150, 1154 (N.D.Cal.1978); *contra Stolberg v. Members of Bd. of Trustees for State Colleges of Conn.*, 474 F.2d 485, 489 (2d Cir. 1973), *later app.*, 541 F.2d 890, *cert. denied*, 429 U.S. 897, 97 S.Ct. 260, 50 L.Ed.2d 181 (1976). Although it is admittedly difficult to place a value upon the resulting emotional injury from the deprivation of a constitutional right, the common law has historically recognized a reasonable, and sometimes substantial, sum of damages for mental distress. *See* D. Dobbs, Remedies 528-30 (1973). *See also Richardson v. Communications Workers of America*, 443 F.2d 974, 979, 983-85 (8th Cir. 1971), *cert. denied*, 414 U.S. 818, 94 S.Ct. 38, 38 L.Ed.2d 50 (1973) ($92,000 damages awarded on remand; *see* 486 F.2d 801, 805-07 (8th Cir. 1973)). Since the district court found an actual injury, but denied recovery of damages for mental distress for failure to adduce evidence of the actual dollar value of the injury, we remand for a determination of damages for mental distress.

*Id.*

The award of damages in cases in which it has been found that defendants exhibited deliberate indifference to the serious medical needs of the plaintiff vary greatly. *See e.g., Coleman v. Rahija*,

114 F.3d 778 (8th Cir. 1997)($1,000 compensatory damage award for two hours of pain and suffering caused by delay in taking the plaintiff who was in labor to the hospital); *Warren v. Fanning*, 950 F.2d 1370, 1374 (8th Cir. 1991)(No compensatory damages awarded despite delay of a year in referring plaintiff to an outside specialist for complaints of pain and infection of the toes of his left foot and pain in his right ankle); *Thompkins v. Belt*, 828 F.2d 298, 301 (5th Cir. 1987)(upholding an award of $4,500 for three and a half months during which the Plaintiff was found to have suffered pain and discomfort caused by lack of proper medical treatment for back injury); *Jerrell v. Bradley*, 2011 WL 2182750 (W.D. Ark. June 6, 2011)(compensatory damages on a $100 per day basis for dental pain suffered for a period of one-hundred-forty-seven days); *Cameron v. Myers*, 569 F. Supp. 2d 762, 765 (N.D. Ind. 2008)(award of $250,350 in compensatory damages was warranted where prison doctor failed to provide proper care for Crohn's disease as well as the newly formed pyoderma gangrenosum (skin condition causing the tissue to become necrotic and causing deep ulcers usually on his legs)). *Cf. Trobaugh v. Hall*, 176 F.3d 1087, 1088 (8th Cir. 1999)(remanding for an award of damages in the vicinity of $100 per day for each day in administrative segregation).

Having carefully considered the Plaintiff's testimony and the exhibits, the Court concludes the appropriate method of awarding compensatory damages in this case is on a per-day basis. Plaintiff will be awarded damages in the amount of $50 for each of the 40 days during which he was denied medical treatment by Defendant Orrell. The total award of compensatory damages will be the sum of $2,000.

**(B). Punitive Damages**

The twin aims of an award of punitive damages are to: (1) punish an actor for willful or malicious conduct; and (2) to deter future unlawful conduct. *Williams v. Hobbs*, 662 F.3d 994, 1011 (8th Cir. 2011)(*quoting Smith v. Wade*, 461 U.S. 30, 56 (1983)). "In determining whether to award

5

punitive damages in a § 1983 case, the fact finder must, as a threshold matter, find that a 'defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Id.*

On the facts presented in this case, the Court can make no such finding. Defendant Orrell's conduct, while ill advised, inappropriate, and grossly negligent, did not exhibit an evil motive or intent or reckless or callous indifference as is required to award punitive damages.

**(C). Costs**

Plaintiff asks the Court for an award of costs for: (1) the $350.00 filing fee;[1] (2) the $25.00 service fee; (3) $40.15 for legal copies; and (4) $30.22 for legal postage. In general, the taxation of costs is governed by 28 U.S.C. § 1920. Section 1920 provides for the taxation of costs for, among other things, filing fees and the costs of copies. Section 1920 does not authorize the collection of postage and delivery expenses. *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). However, in section 1983 actions, there is a second statute that can be used to collect costs from the Defendant, 42 U.S.C. § 1988. Postage costs have been awarded under § 1988. *See e.g., Sussman v. Patterson*, 108 F.3d 1206, 1213 (10th Cir. 1997); *Corcoran v. City of Chicago*, No. 10-cv-06825, 2015 WL 5445694 (N.D. Ill. Sept. 15, 2015).

The Court will allow Plaintiff to recover his monetary expenditures as part of the judgment. However, as Plaintiff has only paid $2.00 of the filing fee, the Defendant will be directed to pay the $350.00 filing fee to the United States Clerks' Office at which time the Plaintiff's $2.00 will be refunded to him. He will be awarded the requested sums for copies and postage. His request for the

---

[1] The Court's financial records indicate that only $2.00 of the $350 filing fee has been collected.

$25.00 service fee will be denied. This cost has not paid by the Plaintiff nor has the Court assessed that amount against the Plaintiff.

### 3. Conclusion

For the reasons stated, Plaintiff will be awarded a judgment in the amount of $2,000 in compensatory damages and $70.37 in costs. A separate judgment in accordance with this opinion will be entered.

DATED this 19th day of October 2015.

/s/ Susan O. Hickey
SUSAN O. HICKEY
UNITED STATES DISTRICT JUDGE